# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Vincent Liberti<br>Laura Liberti.<br><br>                Debtors. | Chapter 7<br><br>Case No. 07-11148 (BLS) |
| Vincent Liberti<br>Laura Liberti,<br><br>                Plaintiff/Debtors,<br><br>                v.<br><br>PNC Mortgage Services, Inc. and PNC Bank, NA,<br><br>                Defendant. | Adv. Proc. No. 11-52322 (BLS)<br><br>Re: Adv. Proc. Docket No. 3 |

**DEFENDANT PNC BANK, N.A.'S ANSWER TO**
**PLAINTIFFS' AMENDED COMPLAINT FOR VIOLATION OF THE**
<u>**DISCHARGE INJUNCTION PURSUANT TO 11 U SC § 524(a)**</u>

      Defendant PNC Bank, N.A. ("PNC Bank"), for itself and as successor-by-merger for Defendant PNC Mortgage Services, Inc.,[1] by and through its undersigned attorneys hereby files its Answer with Affirmative Defenses to the Amended Complaint for Violation of the Discharge Injunction Pursuant to 11 USC § 524(a) (the "Amended Complaint")[2] filed by Vincent Armand Liberti and Laurie Ann Liberti's ("Plaintiffs"), and further states as follows:

      1.     Admitted.

---

[1]    PNC Mortgage Services, Inc. ceased to exist as an independent entity as of September 2012, when it was merged into PNC Bank.

[2]    All exhibits referenced by the Plaintiffs in their Amended Complaint are included solely in their originally filed complaint, filed on June 6, 2011 [Docket No. 1].

DMEAST #16208688 v3

2. Admitted.

3. Admitted in part and denied in part. It is admitted that Plaintiffs listed two mortgages held by National City Mortgage against the real property located at 440 Lorraine Drive, Frederica, DE 19946 (the "Property") on Schedule D of their Schedules (the "Mortgages"). It is denied that PNC purchased the Mortgages.

4. Admitted in part and denied in part. It is admitted that Plaintiffs stated in their Statement of Intention that they intended to retain the Property. It is denied that they stated that they intended to continue to make payments to PNC. By way of further answer, Plaintiffs' Statement of Intention noted that the Plaintiffs would continue to make regular payments to National City Mortgage.

5. Admitted.

6. Admitted.

7. Admitted in part and denied in part. It is admitted only that Plaintiffs ceased making payments on account of the Mortgages. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they are therefore denied.

8. Denied. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are specifically denied. By way of further answer, any contact by PNC with Plaintiffs was not for the purpose of collecting a discharged debt, but rather to provide Plaintiffs with information concerning the outstanding debt owed against the Property, and not to collect from Plaintiffs personally.

9. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. By way of further answer, PNC's investigation is ongoing.

10. Admitted in part and denied in part. It is admitted only that Plaintiffs sent the letter identified as Exhibit A to National City Mortgage. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they are therefore denied. By way of further answer, Exhibit A is a writing that speaks for itself and no response is required.

11. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. By way of further answer, PNC's investigation is ongoing, and Exhibit B is a writing that speaks for itself and no response is required.

12. Denied. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are specifically denied. By way of further answer, PNC's contacts with Plaintiffs were not for the purpose of collecting a discharged debt, but rather to provide Plaintiffs with information concerning the outstanding debt owed against the Property, and not Plaintiffs personally.

13. Denied. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are specifically denied. By way of further answer, PNC's contacts with Plaintiffs were not for the purpose of collecting a discharged debt, but rather to provide Plaintiffs with information concerning the outstanding debt owed against the Property, and not Plaintiffs personally. By way of further answer, Exhibit B is a writing that speaks for itself and no response is required.

14. Denied. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are specifically denied. By way of further answer, PNC's contacts with Plaintiffs were not for the purpose of collecting a discharged debt, but rather to provide Plaintiffs with information concerning the outstanding debt owed against the Property, and not Plaintiffs personally.

15. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. By way of further answer, PNC's investigation is ongoing, and Exhibit D is a writing that speaks for itself and no response is required.

16. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. By way of further answer, PNC's investigation is ongoing.

17. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. By way of further answer, PNC's investigation is ongoing.

18. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

19. Denied. After reasonable investigation, PNC is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

20. Denied. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, PNC is

without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any actual harm or realized any ascertainable loss.

### THIRD AFFIRMATIVE DEFENSE

Any damages or injury Plaintiffs claim to have sustained were caused by their own acts and/or omissions or the acts or omissions of third parties over whom PNC has no authority or control.

### FOURTH AFFIRMATIVE DEFENSE

All of the alleged wrongful acts were done by a party other than PNC.

### FIFTH AFFIRMATIVE DEFENSE

PNC has acted with due care at all times and complied with all applicable laws, regulations, and standards and otherwise acted reasonably.

### SIXTH AFFIRMATIVE DEFENSE

Section 524 of the Bankruptcy Code does not establish a private cause of action upon which Plaintiffs can obtain monetary relief.

### SEVENTH AFFIRMATIVE DEFENSE

PNC reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

WHEREFORE, Defendant PNC Bank, N.A., for itself and as successor-by-merger for PNC Mortgage Services, Inc., denies any liability whatsoever, and demands judgment in its favor and against Plaintiffs by Vincent Armand Liberti and Laurie Ann Liberti, together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

January 15, 2013
Wilmington, Delaware

/s/ Joshua E. Zugerman
Matthew G. Summers (No. 5533)
Joshua E. Zugerman, Esquire (No. 5261)
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE  19801-3034
Phone: (302) 252-4465
Facsimile: (302) 252-4466
Email: summersm@ballardspahr.com
              zugermanj@ballardspahr.com

*Attorneys for Defendants PNC Mortgage Services, Inc. and PNC Bank, National Association*